UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GARDELL L. COUNCIL,

    Plaintiff,

    v.

VILLAGE OF DOLTON and PAUL CAMPBELL,

    Defendants.

No. 13 C 0093
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Plaintiff Gardell L. Council has brought this action against the Village of Dolton and Paul Campbell, alleging due process violations and retaliation in connection with the termination of his employment. Currently before the Court is Defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Because Plaintiff's claims are collaterally estopped by a decision reached by the Illinois Court of Appeals, Defendants' motion is granted.

Plaintiff began his employment as a laborer in the public works department of the Village of Dolton in January 2010. His employment was governed by a collective bargaining agreement that required him to obtain a commercial driver's license ("CDL") within one year of his start date. One year after being hired, when he still had not obtained a CDL, his employment was terminated.

Soon after losing his job, Plaintiff learned that he had been deemed ineligible for unemployment benefits. Plaintiff filed an administrative appeal with the Department of Employment Security, where a Department referee conducted a hearing and found in Plaintiff's favor. The Village then appealed to the Department's Board of Review. The Board held that

when an employee loses a job for failure to obtain a required occupational license, and it was within the employee's sole control to obtain it, the employee is deemed to have left the job voluntarily. The Board thus concluded that Plaintiff was ineligible for unemployment benefits pursuant to § 601(A) of the Unemployment Insurance Act ("UIA") because he left work voluntarily without good cause attributable to his employer. 820 ILCS 405/601(A).

Plaintiff asserted from the outset that the failure to obtain a CDL was mere pretext for his termination – that his employment was actually terminated because he filed a police report against a co-worker after some sort of altercation. Unsatisfied with the Board's holding, Plaintiff filed a *pro se* complaint for administrative review in the Illinois Circuit Court. The Circuit Court found in Plaintiff's favor, but once again the Village appealed, and the Illinois Appellate Court upheld the Board's ruling.

Plaintiff now brings this action in Federal Court, alleging Constitutional violations against the Village for wrongful employment termination and retaliation. He asserts that, contrary to the Appellate Court's findings, his employment was terminated without just cause and in retaliation for filing a police report against a co-worker. Defendants argue that the decision from the Appellate Court precludes Plaintiff's claims, and that he is collaterally estopped from bringing this action. I agree.

"Res judicata may be raised by pre-answer motion, or it is at least within the discretion of the Court to allow it to be so raised." *Lambert v. Conrad*, 536 F.2d 1183, 1186 (7th Cir. 1976). To invoke collateral estoppel in Illinois: (1) the issue decided in the prior adjudication must be identical with the one presented in the case under review; (2) the party against whom the estoppel is asserted must be a party or in privity with a party to the prior litigation; and (3) there must have been a final judgment on the merits in the former suit. Finally, for collateral estoppel

to apply, a plaintiff must have been afforded a full and fair opportunity to litigate. *Raper v. Hazelett and Erdal,* 114 Ill.App.3d 649, 652 (1st Dist. 1983).

I find, and Plaintiff does not contest, that these elements are clearly satisfied here. The claims Plaintiff has brought in the instant action directly contradict the decision reached by the Illinois Court of Appeals in judicial review of Plaintiff's initial complaint to the Department of Employment Security. *See Council v. Ill. Dep't of Employment Sec.*, 2012 IL App (1st) 113569-U (unpublished opinion). Plaintiff instead cites § 1900(B) of the UIA, which states:

> No finding, determination, decision, ruling or order (including any finding of fact, statement or conclusion made therein) issued pursuant to this Act shall be admissible or used in evidence in any action other than one arising out of this Act, nor shall it be binding or conclusive except as provided in this Act, nor shall it constitute res judicata, regardless of whether the action were between the same or related parties or involved the same acts.

Plaintiff urges that the Illinois Appellate Court's decision, like the decision by the Board, was issued "pursuant to" the UIA, and that the UIA therefore mandates that the decision is not to be given any preclusive effect. I cannot agree. As Defendants note, the UIA is explicit that any decision of the Board of Review is reviewable *only* under and in accordance with the provisions of the Administrative Review Law. 820 ILCS 405/1100. *That* is the statute pursuant to which the Court of Appeal's decision was issued, and there is nothing in the Administrative Review Law that shields such decisions from having preclusive effect.

When claims are adjudicated within an administrative law scheme, there are fewer cases to tax an already over-burdened legal system, and the judiciary benefits. Such administrative adjudication is generally more streamlined, taking less time and generally consuming fewer resources. When Plaintiff received an unsatisfying result from this system, he had two choices. He could live with it, enjoy the protection afforded him by § 1900(B), and, under that protection, bring the action he now pursues in federal court. Or, he could avail himself of the opportunity

afforded him under § 1100, and seek judicial review of the decision reached by the administrative body. That choice, however, takes him out of the administrative law scheme, and quite sensibly does away with any claim to protection from the preclusive effect of a resulting judicial decision.

Having chosen the latter, Plaintiff is stuck. Accordingly, Defendants' motion to dismiss is granted.

ENTER:

James B. Zagel
United States District Judge

DATE: June 27, 2013

4